**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George JOHNSON, Defendant–
Appellant.**

No. 00–5097.

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.*

### ORDER

George Johnson, a federal prisoner, appeals his judgment of conviction on one count of possessing a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An indictment charged Johnson with one count of possessing with intent to distribute approximately 792 Tylox capsules containing oxycodone, a Schedule II controlled substance; one count of possessing a firearm in furtherance of a drug trafficking crime; and criminal forfeiture of $16,068. Following a two-day trial, a jury found him guilty of the drug count, but acquitted him of the firearm count. The district court then determined that $13,700 was subject to forfeiture, with the rest of the seized currency to be returned to Johnson. On January 13, 2000, the district court sentenced Johnson to 87 months in prison and three years of supervised release. The judgment was entered on January 14, 2000.

On appeal, Johnson argues that: (1) there was insufficient evidence to support his conviction for possessing with intent to distribute drugs; and (2) the district court

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.

erred in admitting at trial an audiotape of a conversation between Johnson and a confidential informant where the tape was inaudible and untrustworthy as a whole. Upon review, we affirm the district court's judgment.

■ This court reviews a claim of insufficient evidence to determine whether, taking the evidence in the light most favorable to the government and drawing all inferences in the government's favor, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Prince*, 214 F.3d 740, 746 (6th Cir.), *cert. denied*, ─── U.S. ───, 121 S.Ct. 417, 148 L.Ed.2d 322 (2000); · *United States v. Gibbs*, 182 F.3d 408, 419–20 (6th Cir.), *cert. denied*, 528 U.S. 1051, 120 S.Ct. 592, 145 L.Ed.2d 492 (1999). "Circumstantial and direct evidence are afforded the same weight." *Prince*, 214 F.3d at 746. Moreover, this court does not reweigh witness credibility, but must respect the jury's role in resolving credibility issues. *United States v. Miller*, 161 F.3d 977, 985 (6th Cir.1998).

■ The elements of the crime of possession with intent to distribute are: "(1) the defendant knowingly; (2) possessed a controlled substance; (3) with intent to distribute." *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995). The mere presence of the defendant in proximity to the controlled substance, by itself, is insufficient to establish possession with an intent to distribute beyond a reasonable doubt. *Id.* However, actual possession is not required to support a conviction; constructive possession is enough. *Gibbs*, 182 F.3d at 424. "Constructive possession requires that a person knowingly have power and intention to exercise control over an object." *Id.* (internal quotation omitted).

■ Johnson argues that the government did not prove that he had possession of the Tylox capsules and that, even if he had possession, did not prove that he intended to distribute them. Our review of the trial testimony establishes that a rational trier of fact could have found that the government did prove these elements beyond a reasonable doubt.

■ This court reviews the admission of tape recordings at trial for abuse of discretion. *United States v. Wilkinson*, 53 F.3d 757, 761 (6th Cir.1995); *United States v. Scarborough*, 43 F.3d 1021, 1024 (6th Cir.1994). To be admissible, the tape must be " 'audible and sufficiently comprehensible for the jury to consider the contents.' " *Wilkinson*, 53 F.3d at 761 (quoting *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir.1983)). "The district court abuses its discretion only 'where the unintelligible portions of a tape recording are so substantial that the recording as a whole is rendered untrustworthy.' " *Scarborough*, 43 F.3d at 1024 (quoting *United States v. Scaife*, 749 F.2d 338, 345 (6th Cir.1984)). After listening to the tape, the district court concluded that, "taken as a whole, the audiotape is audible despite the inaudibility of certain isolated portions and remarks."

Upon careful consideration, we conclude that the district court did not abuse its discretion in admitting the audiotape. The inaudible portions of the tape did not render it untrustworthy as a whole.

Accordingly, the district court's judgment is affirmed.