**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Keir Dullea McLEMORE, Defendant–Appellant.**

**No. 99–6658.**

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before RYAN and COLE, Circuit Judges, and WILLIAMS, District Judge *

RYAN, Circuit Judge.

The defendant, Keir Dullea McLemore, appeals the sentence he received following his conviction for possession with intent to distribute a controlled substance, Dilaudid, in violation of 21 U.S.C. § 841(a)(1). He brings two assignments of error: (1) that the district court erred when it calculated his offense level based on the total weight of the Dilaudid, 90 milligram dosage units, instead of on four milligram dosage units as stated in the plea agreement; and (2) that the district court erred when it did not apply a heightened "reasonable doubt" standard in determining the controlled substance quantity and McLemore's career offender status in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

We need not resolve McLemore's more difficult first assignment of error because the district court specifically determined his sentence based on his career offender status. Therefore, any error with respect

to the correct weight of the Dilaudid to be used in sentencing is harmless. Furthermore, because McLemore's sentence did not exceed the 20–year statutory maximum allowed under 21 U.S.C. § 841(b)(1)(C), the district court did not violate *Apprendi* when it determined McLemore's career offender status by a preponderance of the evidence. Accordingly, we will affirm the decision of the district court.

I.

The Memphis Police Department received confidential information that McLemore, a Georgia resident, had arrived in Memphis and was in possession of a large amount of K–4 Dilaudid tablets with the intent to distribute them in Memphis, and that McLemore had two outstanding theft arrest warrants. The informant stated that McLemore was staying at the Rivermark Apartments with Benita Early. After surveillance of Early's Rivermark Apartment, Memphis police tailed McLemore and arrested him for a speeding violation and pursuant to the outstanding warrants. A search conducted incident to the arrest resulted in finding a quart-size baggie in McLemore's front pants pocket which contained 499 K–4 Dilaudid tablets. Later, officers searched Early's apartment, but did not discover any additional Dilaudid tablets.

McLemore was indicted and charged with possession with the intent to distribute approximately 500 dosage units of Dilaudid (hydromorphone), a controlled substance, as classified by 21 U.S.C. § 812 as a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). McLemore entered a plea of not guilty at his arraignment. Later, when represented by an attorney, McLemore pled guilty to posses-

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

sion with intent to distribute a controlled substance. At McLemore's request, the following handwritten provision was added to the plea agreement:

8a. The United States agrees that the pills named in the Indictment are 4 milligram dosage units.

The plea agreement also contained the following relevant provisions:

4. The Government agrees to recommend that the Defendant be sentenced at the low end of the applicable sentencing guideline range.

5. The Government agrees to recommend that the Defendant receive credit for acceptance of responsibility, assuming that the Defendant continues to demonstrate a recognition of acceptance of responsibility up to and including the date of sentencing.

In the presentence investigation report, the probation officer calculated McLemore's adjusted offense level as 26 using the standard weight of Dilaudid tablets or, 90 milligrams per dosage unit. U.S.S.G. § 2D1.1(a)(3)(c)(7) (1998). Because McLemore demonstrated acceptance of responsibility, and pursuant to the plea agreement, the probation officer decreased the offense level by three, resulting in an offense level total of 23. U.S.S.G. § 3E1.1(a), (b). However, based upon three prior countable convictions, McLemore qualified as a career offender under U.S.S.G. § 4B1.1, which automatically set his offense level at 32. U.S.S.G. § 4B1.1. McLemore had the following criminal history: (1) criminal attempt to commit a felony, and possession of a controlled substance in 1990; (2) robbery in 1991; and (3) criminal attempt of selling a controlled substance in 1991. This new, career offender base offense level was then reduced three levels for McLemore's acceptance of responsibility and pursuant to the plea agreement. U.S.S.G. § 3E1.1(a), (b). As a result, McLemore's offense level total as

a career offender was 29 with a criminal history category of VI, which resulted in a sentencing guideline range between 151 and 188 months' incarceration. U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

The government filed a position paper stating that it had no objections to the presentence report. McLemore filed a motion to continue the sentencing hearing in order to determine the appropriate weight of the Dilaudid tablets to be used in calculating the seriousness of the offense. He asserted that the proper measure should have been four milligram dosage units as provided in paragraph 8a of the plea agreement. In a supplemental position paper, the government asserted that stipulation 8a of the plea agreement was "simply a clarification of the potency of the pills." Additionally, the government argued that the weight of the Dilaudid tablets is irrelevant because McLemore qualified as a career offender under the sentencing guidelines. U.S.S.G. § 4B1.1.

The district court held that the probation officer correctly used the 90 milligram weight to calculate McLemore's base offense level. The court specifically held that stipulation 8a in the plea agreement did not contractually bind the United States to use that weight for sentencing purposes. The court also held that the probation officer properly classified McLemore as a career offender and sentenced him on that basis to 151 months' incarceration, the low end of the sentencing range, and a three-year supervised release.

## II.

### A.

#### Plea Agreement

■ Because the district court specifically sentenced McLemore based on his status as a career offender, we need not reach the merits of McLemore's first assignment of error, that is, whether the

district court erred when it calculated his offense level based on the total weight of the Dilaudid, 90 milligram dosage units, instead of on four milligram dosage units as stated in the plea agreement. Even if the defendant's argument is correct—a question we do not decide—the court's error would be harmless because the error would not affect the mandatory sentence imposed based upon McLemore's status as a career offender.

Next, we turn our attention to McLemore's second assignment of error: whether the district court violated *Apprendi* when it did not apply a heightened "reasonable doubt" standard in determining the controlled substance quantity and McLemore's career offender status.

### B.

### *Apprendi* Error

 When a defendant does not timely raise for the trial court the issue he raises on appeal, the standard of review is plain error. *United States v. Page*, 232 F.3d 536, 545 (6th Cir.2000), (*cert. denieds* omitted). "On review for plain error, [this court] must determine whether the sentencing error prejudiced defendants and whether it seriously affects the fairness, integrity, or public reputation of the district court proceedings." *Id.*

The Supreme Court in *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. In this court's several cases construing *Apprendi*'s reach, we have consistently held that when a defendant is sentenced to a term less than the statutory maximum, factors which increase that sentence but do not extend it need only be proved by a preponderance of the evidence. *E.g.*, *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir.2000). On the other hand,

allowing a court to make a factual determination which, in turn, increases the penalty for a crime beyond the statutorily prescribed maximum seriously implicates the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment. *United States v. Rebmann*, 226 F.3d 521, 524 (6th Cir.2000).

McLemore challenges the constitutionality of the district court's determination of both the weight of the mixture and of his career offender status. On review, this court's duty "is to examine whether the sentencing factor ... was a factual determination, and whether that determination increased the maximum penalty for the crime charged in the indictment." *Id.* Because the district court fixed McLemore's sentence on his career offender status, we limit our review to the constitutionality of that determination.

We conclude for two reasons that the district court was not required to use a heightened "reasonable doubt" standard in determining McLemore's career offender status. First, the language of *Apprendi* itself excludes from the rule, factual determinations of prior convictions which increase the penalty for a crime. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348; *United States v. Pleasant*, 12 Fed.Appx. 262, 269 (6th Cir.2001) (unpublished disposition), *cert. denied*, —— U.S. ——, 122 S.Ct. 244, —— L.Ed.2d —— (2001). Second, the sentence imposed did not exceed the prescribed statutory maximum. *Id.* The district court determined that McLemore's career offender offense level total was 29, with a criminal history category of VI. The corresponding guideline range from the sentencing table is 151–188 months' incarceration. The court sentenced McLemore to 151 months' incarceration with a three-year supervised release. Section 841(b)(1)(C) authorizes imprisonment for up to 20 years for possession of *any*

amount of a Schedule II controlled substance. 21 U.S.C. § 841(b)(1)(C). Because the court did not exceed the prescribed statutory range in sentencing, as allowed by 21 U.S.C. § 841(b)(1)(C), it did not commit plain error in determining McLemore's career offender status by a preponderance of the evidence.

### III.

For the foregoing reasons, the decision of the district court is AFFIRMED.