**George JOHNSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–5662.

United States Court of Appeals, Sixth Circuit.

May 7, 2003.

Before CLAY and GIBBONS, Circuit Judges; and CLELAND, District Judge.*

### ORDER

George Johnson, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, a jury convicted Johnson of possession with intent to distribute approximately 792 Tylox capsules in violation of 21 U.S.C. § 841(a)(1), but acquitted him of possessing a firearm during and in relation to a drug offense in violation of 18 U.S.C. § 924(c). The district court enhanced Johnson's offense level by two points for possession of a firearm, and sentenced him to 78 months of imprisonment. A panel of this court affirmed Johnson's conviction and sentence on appeal. *United States v. Johnson,* 8 Fed. Appx. 493, 2001 WL 493395 (6th Cir.2001) (Ryan, *Batchelder,* and Matia).

In his timely § 2255 motion, Johnson argued that: 1) trial counsel rendered ineffective assistance because he did not challenge the two-point enhancement at sentencing; 2) appellate counsel rendered ineffective assistance because he did not challenge the two-point enhancement on appeal; and 3) his sentence is in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because his offense level was enhanced based on conduct for which he was acquitted. Upon review, the magistrate judge concluded that Johnson's claims lacked merit, and it recommended that the district court deny the § 2255 motion. However, the magistrate judge recommended that the district court grant Johnson a certificate of appealability (COA) as to whether his sentence implicates *Apprendi.* Over Johnson's objections, the district court adopted the magistrate judge's report, and denied the § 2255 motion. The court granted Johnson a COA as to whether his sentence implicates *Apprendi.*

In his appellate brief, Johnson reasserts his *Apprendi* claim. He also appears to reassert his Sixth Amendment claim.

Upon review, we conclude that the district court properly determined that Johnson was not entitled to relief on his *Apprendi* claim. However, we affirm the district court's judgment for different reasons than those relied upon by the district court, *see Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000), because this court

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

**504**

has now issued a published decision that joins the majority of other circuits in holding that the Supreme Court's holding in *Apprendi* is not retroactively applicable, even to cases on initial collateral review. *See Goode v. United States,* 305 F.3d 378, 382 (6th Cir.), *cert. denied,* — U.S. —, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). Consequently, Johnson's claim is unavailing because the holding in *Apprendi* is simply not retroactively applicable to the post-conviction action that he filed under 28 U.S.C. § 2255.

Moreover, even if the claim were reviewable, Johnson's challenge to the district court's determination of his offense level lacks merit because *Apprendi* does not apply to sentences that are calculated under the sentencing guidelines, unless the guidelines sentence exceeds the statutory maximum. *See United States v. Garcia,* 252 F.3d 838, 843 (6th Cir.2001). Here, there was no cognizable violation of *Apprendi* because the 87–month sentence that Johnson received fell below the maximum term of twenty-years to which he was exposed under 21 U.S.C. § 841(b)(1)(C). *See, e.g., United States v. Corrado,* 227 F.3d 528, 542 (6th Cir.2000) (holding *Apprendi* is not triggered when defendants were sentenced within the prescribed maximum terms before factoring in any enhancing provisions).

Finally, to the extent that Johnson reasserts his Sixth Amendment claim, we decline to address it because he was not granted a COA as to this claim. *See Searcy v. Carter,* 246 F.3d 515, 518 (6th Cir.), *cert. denied,* 534 U.S. 905, 122 S.Ct. 237, 151 L.Ed.2d 171 (2001).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.