**Christopher A. JONES, Plaintiff— Appellant,**

v.

**Becki LOPEZ and Janice Reed, Defendants—Appellees.**

**No. 01–10762.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2003.

Decided June 16, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: GRABER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM *

The district court dismissed Plaintiff's second amended complaint, pursuant to the screening provisions of 28 U.S.C. § 1915A, for failure to state a claim. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and reverse in part. Accepting all material allegations in the complaint as true and construing those allegations in the light most favorable to Plaintiff, the complaint sets out three legally viable claims.

A. *The Access–to–Courts Claim*

A prison official's destruction of legal materials could constitute a denial of meaningful access to the courts. *See Vigliotto v. Terry,* 873 F.2d 1201, 1202 (9th Cir.1989). The constitutional guarantee of access to the courts encompasses only direct criminal appeals, habeas petitions, and civil rights challenges to the conditions of confinement and requires a showing of actual prejudice. *Lewis v. Casey,* 518 U.S. 343, 348–49, 354–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1159–60 (9th Cir.2003).

In Count I of his second amended complaint, Plaintiff alleged that Defendant Lopez' destruction of his legal materials had consequences to ongoing litigation. First, he claims that one of the defendants in an "attorney malpractice" case was dismissed from the action due to a delay in filing caused by the destruction of the materials. Second, he alleges that an "amended Opening Brief" was denied as a result of destroyed papers and transcripts. Finally, he claims that the destruction resulted in a denial of a motion for rehearing.

If the amended Opening Brief and motion for rehearing were a part of Plaintiff's "attorney malpractice" case, this claim was properly dismissed, because an attorney malpractice claim is unrelated to Plaintiff's criminal appeal or to a suit challenging the conditions of his confinement. *Lewis,* 518 U.S. at 354–55, 116 S.Ct. 2174. From the complaint, however, it is not clear that the alleged injuries suffered–the denial of the amended Opening Brief and the denial of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the motion for rehearing–arose out of the malpractice claim.

■ Plaintiff states that the materials destroyed concerned two civil rights claims, two state tort actions, and his criminal appeal. If the destruction of the material caused him to miss deadlines for the filing of an amended Opening Brief in his criminal appeal or one of the civil rights cases, that is sufficient actual injury to a protected access right under *Lewis*. Similarly, if the destruction of transcripts from his criminal trial caused a deficiency in a motion for rehearing, then that would state an actual injury under *Lewis*. Because the complaint is susceptible to a reading that states a claim of a denial of access to the courts, we reverse the dismissal of this claim. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("In civil rights cases, where the plaintiff is pro se, we have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt.").

### B. *The Deliberate–Indifference Claims*

In the allegations for both the March incident with Defendant Lopez and the June incident with Defendant Reed, Plaintiff has alleged the requisite knowledge on the part of prison officials to sustain a claim of deliberate indifference. Plaintiff alleges that prison officials knew of the risk and were deliberately indifferent to it. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (describing knowledge required for a showing of "deliberate indifference").

In addition to this "subjective" inquiry, however, the Eighth Amendment also requires an "objective component." *Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1049 (9th Cir.2002). Jones' complaint does not allege that he suffered any harm as a result of the March encounter with Officer Lopez, and thus fails to satisfy this requirement.

■ He does allege an injury stemming from the June incident, when Officer Reed forced him to move a footlocker. After the incident, Jones sought treatment for severe back pain that he claims was caused by Reed's deliberate indifference to his medical condition. These allegations satisfy both the objective and subjective components of an Eighth Amendment claim.

### C. *The Retaliation Claim*

To state a claim under § 1983 for retaliation, Plaintiff must show that the activity that prompted the retaliation was constitutionally protected and that the alleged retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

■ The activity that prompted retaliatory action, filing grievances, is protected under the First Amendment. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995). Plaintiff alleged that, in response to his grievances, Defendant Lopez retaliated by filing false disciplinary charges and by handcuffing him too tightly for a walk to a telephone conference with his lawyer. Even assuming that the handcuffing had a legitimate penological basis, filing false disciplinary reports could not have a legitimate purpose. Thus, Plaintiff has stated a claim in this count.

Because Plaintiff has stated the foregoing claims, we reverse the district court's decision that Plaintiff should receive a "strike" pursuant to 28 U.S.C. § 1915(g).

REVERSED and REMANDED in part; AFFIRMED in part. The parties shall bear their own costs on appeal.