NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0394n.06

No. 06-1669

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 02, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| AUDIE DENVER WHEELER, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) EASTERN DISTRICT OF MICHIGAN |
| | ) |
| Respondent-Appellee. | ) |
| | ) |
| | ) |

Before: MARTIN, SUHRHEINRICH, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner Audie Denver Wheeler appeals from the order of the district court denying his motion to vacate sentence under 28 U.S.C. § 2255. Wheeler asserts that the district court erred by holding that Wheeler procedurally defaulted his argument that the district court imposed his sentence unconstitutionally under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finding that the district court did not err in its determination that Weaver defaulted his claim, we affirm.

**I.**

A federal grand jury issued a nine-count indictment against Wheeler and two co-defendants on October 4, 2000. Prior to trial, the government dismissed count nine, which had charged Wheeler with witness tampering in violation of 18 U.S.C. § 1512(b). *United States v. Wheeler*, 67 F. App'x 296, 298-99 (6th Cir. 2003). Wheeler proceeded to trial on the remaining counts of the indictment,

and a jury convicted Wheeler of six of the counts: one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and § 846, one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and a final count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). *Wheeler*, 67 F. App'x at 299. The jury acquitted Wheeler of one count of being a felon in possession of a firearm, and an additional count in the indictment was only lodged against Wheeler's co-defendants. The jury also found that Wheeler's conspiracy involved only the distribution of marijuana, not both marijuana and cocaine as the indictment had charged. *Id.*

The district court held two sentencing hearings on February 23 and May 24, 2001, to hear Wheeler's objections to the recommendations contained within the Presentence Investigation Report ("PSR"). Pertinent to the instant appeal, Wheeler's eleventh objection alleged that the district court erred by increasing Wheeler's sentence under the then-mandatory Guidelines through the use of judge-found facts that the government had not proven beyond a reasonable doubt. Wheeler cited the then-new Supreme Court holding in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, [*sic*] and proved beyond a reasonable doubt." 530 U.S. at 490. The district court overruled Wheeler's objection to the use of judge-found facts and proceeded to increase Wheeler's recommended sentence to 365 months on the basis of enhancements for possessing a dangerous

2

weapon, using a minor to commit a crime, leading a criminal activity involving five or more participants, and obstructing justice.[1]

Wheeler appealed both his conviction and sentence to this court. He, however, did not renew his contention that the mandatory Sentencing Guidelines regime then in place violated *Apprendi*. *See Wheeler*, 67 F. App'x at 303-07. We affirmed both Wheeler's jury conviction and 365-month sentence. *Id.* at 308.

On November 29, 2004, Wheeler filed a motion to vacate his sentence under 28 U.S.C. § 2255. Wheeler alleged two grounds for relief – ineffective assistance of counsel and denial of his Sixth Amendment right to a jury trial because of the use of judge-found facts in applying the mandatory Sentencing Guidelines. The magistrate judge issued his Report and Recommendation on November 14, 2005, finding that Wheeler's ineffective assistance of counsel claim was meritless and that Wheeler had procedurally defaulted his Sixth Amendment claim by not pursuing the issue in his direct appeal. On April 28, 2006, the district court adopted the Report and Recommendation of the magistrate judge. The district court granted a certificate of appealability as to Wheeler's *Apprendi* claim on December 5, 2006; and Wheeler timely appealed.

## II.

"In reviewing the denial of a motion to vacate, alter, or amend a sentence pursuant to 28 U.S.C. § 2255, we review the district court's factual findings for clear error and its legal conclusions

---

[1]The district court applied these enhancements pursuant to United States Sentencing Guidelines Sections 2D1.1(b)(1), 3B1.4, 3B1.1(a), and 3C1.1, respectively. The district court enhanced Wheeler's sentence for obstruction of justice on the basis of the same witness tampering allegations that were the subject of the dismissed count nine of the original indictment.

de novo." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Wheeler candidly admits that he "fail[ed] to challenge on direct appeal the district court's decision not to apply *Apprendi* at sentencing." (App. Br. at 11.) Consequently, Wheeler must demonstrate both cause and actual prejudice in order to assert his defaulted claim.[2] *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Frady*, 456 U.S. 152, 167-68 (1982). Citing to the Supreme Court's decision in *Reed v. Ross*, 468 U.S. 1 (1984), Wheeler argues that because of the "novelty" of the *Apprendi* argument at the time of his 2001 sentencing "the legal basis for his *Apprendi* claim was not reasonably available" to his counsel. (App. Br. at 24.) Wheeler asserts that few people foresaw that the definition of statutory maximum would include maximum sentencing ranges under the then mandatory Guidelines. The government responds by arguing that Wheeler's proffered justification cannot count as cause under even *Ross*'s generous standard. The government does not contest that the increase in Wheeler's sentence because of the judge-found enhancements constitutes prejudice.

*Reed* involved a collateral attack upon a state conviction for first-degree murder. A jury convicted Reed in 1969 under a North Carolina murder statue that provided that if the state proved "the defendant intentionally inflicted a wound upon the deceased with a deadly weapon which proximately caused death" then the defendant was guilty of at least second-degree murder. 468 U.S. at 6 (quoting *State v. Hankerson*, 220 S.E.2d 575, 586 (N.C. 1975)). The burden then shifted to the defendant to prove as an affirmative defense either that the killing was lawful or that the killing was

---

[2]Wheeler does not argue that he is actually innocent of the offenses for which the jury convicted him. *See Bousley*, 523 U.S. at 623 (noting that a petitioner who can demonstrate that the prior proceedings have "probably resulted in the conviction of one who is actually innocent" may raise previously defaulted claims in a collateral attack (quotation omitted)).

without malice. Six years later, the Supreme Court held in *Mullaney v. Wilbur*, 421 U.S. 684, 704 (1975), that such burden-shifting provisions violate the Due Process Clause of the Fourteenth Amendment and that the prosecution had to bear the burden of proving malice and the lack of self-defense beyond a reasonable doubt. Two years after *Mullaney*, the Supreme Court made the *Mullaney* decision applicable retroactively. *See Hankerson v. North Carolina*, 432 U.S. 233, 240 (1977).

Reed's murder conviction became final on direct review before the Court decided *Mullaney*. North Carolina argued that Reed could not assert the constitutional infirmity of the North Carolina murder statute on collateral review because Reed had failed to raise the issue in his initial appeal. *Reed*, 468 U.S. at 7. The Supreme Court disagreed and held that Reed could raise his claim on collateral attack because he had demonstrated both cause and prejudice. *Id.* at 20. Reed had demonstrated cause because his "constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." *Id.* at 16. North Carolina's murder statute had remained essentially unchanged for more than a century. *Id.* at 7. Thus, the extreme "novelty" of a constitutional issue that would upset one hundred years of settled case law sufficed to excuse Reed's failure to assert in the North Carolina state courts what would later prove to be a winning due process argument.[3] *Id.* at 13.

Wheeler argues that his situation is analogous to that of Reed – the novelty of applying *Apprendi* to the federal Sentencing Guidelines should excuse his counsel's failure to raise the issue

---

[3]North Carolina conceded that Reed had suffered prejudice such that the establishment of cause entitled Reed to relief. *Id.* at 12.

in his initial appeal to this court. Subsequent case law, however, has limited the breadth of *Reed's* holding. In *Bousley*, the Supreme Court observed, while acknowledging the narrow novelty exception *Reed* created, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." 523 U.S. at 623 (internal quotation marks and citation omitted). The Supreme Court went on in *Bousley* to note that "[w]here the basis of a . . . claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling unawareness of the objection as cause for a procedural default." *Id.* at 623 n.2 (alteration and ellipsis in original ) (quoting *Engle v. Isaac*, 456 U.S. 107, 134 (1982)).

The facts and procedural posture present in *Reed* are easily distinguishable from those Wheeler presents us. Reed did not raise the constitutional infirmity of the North Carolina statute at all prior to his collateral attack. *Reed*, 468 U.S. at 7. This was largely because the constitutional validity of the then traditional state murder statutes appeared to be settled. *Id.* By contrast, Wheeler both perceived and raised the constitutional infirmity of the then-mandatory Sentencing Guidelines at his original sentencing hearings. Wheeler's counsel was not alone in perceiving this argument. Between the Supreme Court's decision in *Apprendi* on June 26, 2000, and the issuance of our opinion in Wheeler's direct appeal on May 29, 2003, we addressed challenges based upon *Apprendi* to the Sentencing Guidelines numerous times. *See, e.g.*, *Johnson v. United States*, 64 F. App'x 502, 504 (6th Cir. 2003); *United States v. Giffin*, 63 F. App'x 798, 803 (6th Cir. 2003); *United States v. Stines*, 313 F.3d 912, 915-19 (6th Cir. 2002); *United States v. McLemore*, 24 F. App'x 404, 407-08 (6th Cir. 2001); *United States v. King*, 272 F.3d 366, 374-80 (6th Cir. 2001). The argument Wheeler

failed to make on appeal is therefore clearly not novel when viewed through the lens of the jurisprudence of the time. *See Bousley*, 523 U.S. at 623 n.2 (stating that where other defense counsel have raised the claim, the issue can hardly be novel); *Reed*, 468 U.S. at 13 (examining whether the issue was novel "at the time of [the] . . . court proceeding"); *cf. Reed*, 468 U.S. at 7 (noting that no one raised the claim because the law had remained the same for more than a century). The fact that we were unreceptive to the *Apprendi* argument at the time cannot excuse Wheeler's failure to raise the issue. *Bousley*, 523 U.S. at 623. Consequently, Wheeler's counsel made "a tactical decision to forgo a procedural opportunity" to raise the *Apprendi* issue on appeal rather than finding himself surprised at a later date by a truly novel constitutional argument. *Reed*, 468 U.S. at 14.

## III.

Because Wheeler has failed to establish cause for the procedural default of his claim, we affirm the judgment of the district court denying Wheeler's motion to vacate sentence.