**Larry T. BECKETT, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–5654.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before MERRITT, NELSON, and SUHRHEINRICH, Circuit Judges.

This is an appeal from a district court judgment denying a motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Larry Beckett filed a Federal Rules of Civil Procedure Rule 60(b) motion in 1998 in which he sought relief from a 1992 criminal conviction as well as from the denial of a prior motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The matter was referred to a magistrate judge who recommended that the motion be denied. The district court adopted this recommendation over Beckett's objections and this appeal followed. The parties have briefed the issues; Beckett is proceeding without benefit of counsel. In addition, Beckett has filed a number of motions seeking miscellaneous relief.

In 1992, Beckett was convicted of possessing with intent to distribute cocaine, two counts of traveling in interstate commerce to promote unlawful activity, one count of aiding and abetting travel in interstate commerce to promote unlawful activity, and two counts of using a telephone to facilitate the distribution of cocaine. A panel of this court affirmed the conviction and 240 month sentence in a bench decision on direct appeal. *United States v. Beckett,* No. 92–6585, 1993 WL 406811 (6th Cir. Oct. 8, 1993) (order). Beckett subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. One of the claims raised in that motion was that Beckett's trial counsel was ineffective because of his failure to review an audio tape that would have allegedly exonerated Beckett of the charges. The district court, per the report of the magistrate judge, expressly considered and rejected this claim in the course of denying the motion. The court found that the tape was, in fact, inculpatory in nature and Beckett's trial counsel could have made a perfectly reasonable tactical decision not to use it at trial. A panel of this court subsequently affirmed the district court's judgment denying Beckett's motion to vacate sentence. The panel specifically considered and rejected inter alia Beckett's claim of ineffective assistance of trial counsel based on the failure to use the audio tape provided by the government at trial. *Beckett v. United States,* No. 97–5139, 1998 WL 211816 at *1 (6th Cir. April 24, 1998) (order).

In 1998, Beckett filed a motion styled as one seeking relief based on Fed.R.Civ.P. 60(b)(2), (3) and (6). This motion is directed to his conviction and to the judgment denying his motion to vacate judgment as they were allegedly procured by "fraud on the court." The "fraud" is identified as Beckett's trial attorney's billing request that he should be reimbursed for, in part, his time spent in reviewing the aforementioned audio tape. Beckett also contends that his conviction was obtained in violation of 18 U.S.C. § 201(c) (the statute prohibiting the giving anything of value to a witness in exchange for testimony) as the witness in question gave his testimony as a part of a plea agreement. The matter was referred to a magistrate judge who recommended that the motion should be denied as patently frivolous. The district court adopted this recommendation over Beckett's rambling objections and this appeal followed.

■ The district court's judgment is patently correct under any construction of Beckett's motion. Beckett's motion is, in part, an attempt to overturn his criminal conviction on the authority of Fed.R.Civ.P. 60. A party may not seek relief from a criminal sentence under Fed.R.Civ.P. 60(b), because Rule 60(b) is not applicable to criminal proceedings. *See* Fed.R.Civ.P. 1; *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998) (per curiam). It is also noted that the ground raised in this context, a conviction based on the testimony of an improperly influenced witness who has testified as a part of a plea agreement, is legally without merit. *See United States v. Ware*, 161 F.3d 414, 419 (6th Cir.1998), *cert. denied*, 526 U.S. 1045, 119 S.Ct. 1348, 143 L.Ed.2d 511 (1999) (§ 201(c) prohibitions against improperly influencing witnesses do not apply to the United States government).

■ The portion of Beckett's motion directed to his prior § 2255 judgment is likewise meritless. Beckett's motion is a transparent attempt to relitigate matters that have been extensively considered and rejected by both the trial court and the Sixth Circuit, namely, his claim that his attorney should have placed before the jury the contents of an allegedly exculpatory audio tape. A Rule 60(b) motion may be denied if it is merely an attempt to relitigate previously decided issues. *See, e.g., Mastini v. American Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir.1966). This appeal lacks merit.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.