**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Matthew Otis CHARLES,
Defendant–Appellant.**

**No. 01–5806.**

United States Court of Appeals,
Sixth Circuit.

June 17, 2002.

Before MARTIN, Chief Circuit Judge;
KEITH, and KENNEDY, Circuit Judges.

*ORDER*

Matthew Otis Charles, proceeding pro se, appeals a district court judgment denying his motion essentially seeking to reopen his prior 28 U.S.C. § 2255 case under Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Charles of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, possession of cocaine base with intent to distribute cocaine base in violation of 21 U.S.C. § 841, making false statements to firearms dealers in violation of 18 U.S.C. § 922(a)(6), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Charles to a total of 420 months of imprisonment. A panel of this court affirmed Charles's convictions and sentence on appeal. *United States v. Charles,* 138 F.3d 257 (6th Cir. 1998).

Thereafter, in November 1998, Charles filed a § 2255 motion, which the district court denied on November 18, 1999. After the district court denied Charles a certificate of appealability (COA), this court also denied Charles a COA. *Charles v. United States,* No. 99–6666 (6th Cir. June 20, 2000). In July 2000, Charles filed a motion for an order authorizing the district court to consider a successive motion to vacate under 28 U.S.C. § 2255. Subsequently, the district court granted Charles's motion to dismiss his motion for permission to file a second or successive § 2255 motion. In December 2000, Charles filed another motion for permission to file a successive § 2255 motion. On May 2, 2001, this court denied Charles's motion. *In re: Charles,* No. 00–6782 (6th Cir. May 2, 2001).

In May 2001, Charles filed a Fed. R.Civ.P. 60(b) motion essentially seeking to reopen his criminal case. Charles argued that he had discovered new evidence that entitled him to have his convictions and sentence vacated. Upon review, the district court denied the motion because Fed.R.Civ.P. 60(b) does not apply to criminal cases. Charles has filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that the district court properly denied Charles's Rule 60(b) motion. Charles's motion is an admitted attempt to overturn his criminal conviction on the authority of Rule 60(b). However, a party may not seek relief from a criminal sentence under Rule 60(b), because Rule 60(b) is not applicable to criminal proceedings. *See* Fed.R.Civ.P. 1; *United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir.1998). Thus, Charles is not

entitled to Rule 60(b) relief, and the district court properly denied his motion.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.