**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan E. DIAZ, Defendant–Appellant.**

**No. 00–1876.**

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2003.

Before KENNEDY and GIBBONS, Circuit Judges; and ALDRICH, District Judge.*

## ORDER

This pro se federal prisoner appeals a district court judgment denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal jury found Juan E. Diaz guilty of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Diaz to 200 months of imprisonment. This court affirmed Diaz's conviction and sentence. *United States v. Diaz,*

No. 98–1724, 1999 WL 454703 (6th Cir. June 21, 1999).

On June 23, 2000, Diaz filed a pro se motion challenging his conviction and sentence under Fed.R.Civ.P. 60(b)(3) and 12(b)(1) claiming that the United States District Courts do not exist in the United States of America or have jurisdiction to try him for trafficking in marijuana. The district court denied the motion on the grounds that the court lacked jurisdiction to revisit Diaz's conviction under the Federal Rules of Civil Procedure, and because Diaz's claims are "nonsense." Diaz appeals that judgment.

This court reviews a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993). An abuse of discretion exists where the reviewing court reaches a definite and firm conviction that the trial court committed a clear error of judgment. *Powers v. Bayliner Marine Corp.,* 83 F.3d 789, 796 (6th Cir.1996). An appeal from the denial of a Rule 60(b) motion does not bring the underlying judgment up for review. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995) (per curiam) (collecting cases).

The district court did not abuse its discretion when it denied Diaz's motion. Diaz's motion is an admitted attempt to overturn his criminal conviction on the authority of Fed.R.Civ.P. 60. A party may not seek relief from a criminal sentence under Fed.R.Civ.P. 60(b), because Rule 60(b) is not applicable to criminal proceedings. Fed.R.Civ.P. 1; *United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam). Thus, Diaz is not entitled to Rule 60(b) relief, and the district court properly denied his motion.

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

Accordingly, the district court's judgment denying Diaz's Rule 60(b) motion is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. All outstanding motions are denied as moot.