**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry J. BENDER, Defendant–Appellant.**

No. 03–3881.

United States Court of Appeals, Sixth Circuit.

April 26, 2004.

Ronald B. Bakeman, Sharon L. Long, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Terry J. Bender, Ashland, KY, pro se.

Before MERRITT and MOORE, Circuit Judges; and DUGGAN, District Judge.*

*ORDER*

Terry J. Bender appeals pro se from a district court order that construed his motion for relief from judgment as a second or successive motion to vacate his sen-

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

tence, and transferred his case to our court for consideration under 28 U.S.C. § 2244. The district court judge also denied motions to recuse himself and to disqualify the prosecuting attorney. Bender's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. 34(a).

In 1993, Bender pled guilty to being a felon in possession of a firearm, aiding and abetting money laundering, and conspiring to distribute and possess cocaine for intended distribution. He was sentenced to 360 months of incarceration, and that judgment was affirmed. Bender then filed a series of post-conviction actions, including an unsuccessful motion to vacate his sentence under § 2255 and at least one unsuccessful application for leave to file another § 2255 motion.

In 2003, Bender filed the Rule 60(b) motion, recusal motion, and motion for disqualification that are at issue here. The district court disposed of these motions in a single order on May 21, 2003. Bender's motion for reconsideration was denied, and he now appeals.

Bender's current brief does not contain any specific challenge to the district court's denial of his motions to recuse the district court judge and to disqualify the prosecutor in his criminal case. Thus, he has abandoned these issues for the purpose of appellate review. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001).

An appeal from the denial of a Rule 60(b) motion does not bring the underlying judgment up for review. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995) (collecting cases). We examine the denial of a such a motion for an abuse of discretion on appeal. *Id.* at 42.

In his Rule 60(b) motion, Bender primarily alleged that the government had committed a fraud upon the court in 1993, during proceedings on a motion to withdraw his guilty plea. In particular, he alleged that the government concealed prior negotiations in which he had agreed to plead guilty in exchange for a promise not to prosecute his mother. Bender concluded his Rule 60(b) motion by asking the district court to reverse his conviction and sentence.

Fed.R.Civ.P. 60(b) does not apply in criminal proceedings. *United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir.2003). A Rule 60(b) motion may be used to seek relief from the denial of § 2255 motion, but only if it pertains to issues that were decided in the § 2255 case. *McQueen v. Scroggy,* 99 F.3d 1302, 1334–35 (6th Cir. 1996). Bender's Rule 60(b) motion did not raise any clear challenge to the court's analysis in dismissing his prior § 2255 motion. Thus, the Rule 60(b) motion was properly construed as a second or successive motion to vacate his sentence under § 2255 and his case was properly transferred to our court for an initial determination as to whether he should be allowed to file such a motion. *See* 28 U.S.C. § 2244; *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997). We have considered Bender's arguments to the contrary, and they are all unavailing.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.