NOT RECOMMENDED FOR PUBLICATION
File Name:  06a0748n.06
Filed:  October 11, 2006

No. 04-5982

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ALLEN ANTHONY KING,

    Petitioner-Appellant,

       v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

On Appeal from the United
States District Court for the
Western District of Kentucky

_____/

**Before:**    **GUY, GILMAN, and ROGERS, Circuit Judges.**

    **PER CURIAM.**    Petitioner Allen Anthony King appeals from the denial of his

§ 2255 motion to vacate his sentence.  28 U.S.C. § 2255.  King pleaded guilty to two counts

of possession of morphine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  No

direct appeal was filed, although the written plea agreement preserved his right both to

appeal the application of a career criminal enhancement and to assert any claim for

ineffective assistance of counsel.  The district court denied petitioner's § 2255 motion

without an evidentiary hearing because he had not demonstrated cause for his failure to file

a direct appeal.

    This court granted a certificate of appealability on the following issues:  (1) whether

additional evidence was necessary to resolve the question of whether King had asked his

former attorney to file a direct appeal; (2) whether King was denied the effective assistance of counsel by his attorney's failure to file an appeal; and (3) whether King's claim that he was improperly sentenced as a career offender involved an unexcused procedural default. After a review of the record and the arguments presented on appeal, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.

**I.**

King was indicted on November 19, 2001, and pleaded guilty pursuant to a Rule 11(e)(1)(B) plea agreement on March 21, 2002. The government agreed to recommend a sentence at the low end of the guideline range, but disagreement arose concerning calculation of the appropriate range. The dispute centered on whether King could be sentenced as a career offender based on a non-certified copy of a judgment purporting to prove a prior state conviction.[1] The plea agreement was modified to provide that King's waiver of the right to appeal his sentence would "not apply to determination of criminal history or career offender status."

At sentencing on January 30, 2003, King's attorney objected to the career offender adjustment. However, the district court overruled the objection and increased King's offense level from 26 to 32. Then with a three-level reduction for acceptance of responsibility and a criminal history category of VI, the district court found the applicable guideline range to be 151 to 188 months. King was sentenced at the bottom of that range to 151 months'

---

[1]A copy of the original judgment was apparently not available because the original records were destroyed in a fire at the local courthouse. Given the scope of the certificate of appealability, the underlying due process claim is not before us at this time.

imprisonment. Despite the adverse finding on career offender status, no direct appeal was filed by King's appointed counsel.

Acting pro se, King filed this § 2255 motion in February 2004.[2] The motion and incorporated memorandum asserted (1) that his sentence was imposed in violation of his Fifth Amendment due process right to be sentenced based on reliable and accurate information, and (2) that his attorney's failure to file a notice of appeal denied him his Sixth Amendment right to effective assistance of counsel. With respect to the second ground, King's memorandum specifically asserted the following:

> The Petitioner submits that he was denied effective assistance of counsel based on the fact that his court <u>appointed</u> <u>counsel</u> failed to file a notice of appeal in regard to the Section 4B1.1(C) enhancement that counsel specifically negotiated for and secured the right to appeal in the Rule 11 plea agreement, and was the basis on which the Petitioner pled guilty.
>
> . . . Counsel eventually negotiated a Rule 11(e)(1)(B) plea agreement, which contained a specific stipulation that the Petitioner would not waive his right to appeal the Section 4B1.1(C) enhancement. It was counsel's assurance to the Petitioner that the Section 4B1.1(C) enhancement would not pass muster on appeal that persuaded him to plead guilty to the sentence that he expected to be appealed and subsequently reduced.

The government responded that King had waived his due process claim by failing to raise it on direct appeal and had failed to provide sufficient factual basis for his claim of ineffective assistance of counsel. Specifically, the government argued that King had not stated in his § 2255 motion that he discussed the issue of appealing with his attorney *after* the sentencing hearing, or that he actually asked his attorney to file a notice of appeal. On

---

[2]King filed a request for a transcript of the sentencing hearing to use in preparing an anticipated § 2255 motion, which was denied as premature. A second motion for the transcript was denied because King had shown no reason for his failure to file a direct appeal.

April 14, 2004, the district court concluded that King had "not shown any reason for his failure to file a direct appeal on the sentencing issue raised here." King's petition was denied, and this appeal followed.

## II.

On appeal from the denial of a § 2255 motion, we review the district court's legal conclusions de novo and its factual findings for clear error. *Regalado v. United States*, 334 F.3d 520, 523-24 (6th Cir. 2003). "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). The district court's refusal to conduct an evidentiary hearing is reviewed for abuse of discretion. *Id*.

Failure to file a direct appeal raising the career offender issue results in a procedural default that may be overcome by a showing of "cause" and "prejudice." *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998). Here, the cause asserted was counsel's failure to file the notice of appeal. As a federal defendant, petitioner was not required to raise his ineffective assistance of counsel claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A claim of ineffective assistance of counsel requires proof that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

An attorney who disregards a defendant's specific instructions to file a notice of appeal "acts in a manner that is professionally unreasonable" without regard to whether the

appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). On the other hand, "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe*, 528 U.S. at 477.[3] With respect to the prejudice prong of *Strickland*, the Court in *Roe* explained that prejudice is not determined from the probability of success on appeal, but by showing that counsel's deficient performance caused the forfeiture of the petitioner's direct appeal. *Id*. at 484.

King has certainly alleged that he consulted with his attorney about whether to file an appeal. The question before us is whether King sufficiently alleged that he had instructed counsel to file an appeal such that the record cannot be said to conclusively show that he is entitled to no relief. King's pro se petition does not explicitly state that he asked his attorney to appeal and that he failed to do so. King does aver, however, that the plea negotiations and subsequent guilty plea were predicated on the advice of counsel that he would be able to upset the career criminal enhancement on direct appeal. The plea agreement bound King to a sentence at the bottom of the guideline range, but the appropriate range was not settled. King alleges that, with the assistance of counsel, the plea agreement was specifically modified to preserve his right to appeal an adverse finding on the career offender issue. Implicit in King's petition is the claim that he instructed counsel to file an appeal if he was

---

[3]The question in *Roe* was whether counsel's performance was deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other. 528 U.S. at 477. The Court held that counsel has "a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.

sentenced as a career offender, but that counsel failed to do so. If King can prove as much, he will establish that counsel's performance was deficient. Because resolution of this claim requires further factual development, we **REVERSE** the denial of King's § 2255 motion and **REMAND** for further proceedings—including an evidentiary hearing if the district court deems it necessary—consistent with this opinion.