FILED
United States Court of Appeals
Tenth Circuit

April 16, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL L. McCALISTER, also known as Big Mike,

Defendant-Appellant.

No. 09-5101

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. NO. 4:99-CR-00020-TCK-1)**

Michael L. McCalister, Texarkana, Texas, Defendant-Appellant Pro Se.

Thomas Scott Woodward, Acting United States Attorney, and Leena Alam, Assistant United States Attorney, Northern District of Oklahoma, Tulsa, Oklahoma, on the brief for Plaintiff-Appellee.

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

**MURPHY**, Circuit Judge.

After examining the parties' briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael L. McCalister appeals the district court's denial of his motion for relief from judgment filed under Federal Rule of Civil Procedure 60(b). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's denial of McCalister's Rule 60(b) motion. In so doing, we make clear that the resolution of an 18 U.S.C. § 3582(c) motion for reduction of sentence cannot be challenged under the Federal Rules of Civil Procedure because a § 3582(c) motion is a criminal proceeding.

After a jury found him guilty of conspiracy to possess with intent to distribute controlled substances, the district court sentenced McCalister to 290 months' imprisonment. This court affirmed McCalister's conviction and sentence. *United States v. Busby*, 16 F. App'x 817, 825-27 (10th Cir. 2001). In February 2008, McCalister filed an 18 U.S.C. § 3582(c) motion for reduction of sentence. Concluding he was not legally entitled to a sentence reduction, the district court denied McCalister's § 3582(c) motion. This court affirmed. *United States v. McCalister*, 314 F. App'x 110, 112 (10th Cir. 2008). Almost one year later, McCalister filed the instant Fed. R. Civ. P. 60(b) motion for relief from judgment. In his Rule 60(b) motion, McCalister asserted the district court's previous resolution of his § 3582(c) motion was infected with legal error and based on misrepresentations by the government. The district court denied

-2-

McCalister's Rule 60(b) motion in a brief order, concluding it "made essentially the same arguments that this Court has rejected on two previous occasions . . . and that the Tenth Circuit has rejected . . . regarding the effect of Amendment 591 on his sentence."

A motion under Rule 60(b) "is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2)." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *see also United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010) ("Of course, the Federal Rules of *Civil* Procedure do not apply to motions under § 3582. This is so because § 3582 motions—which seek only to alter terms of imprisonment—are criminal in nature." (emphasis in original)). This court has specifically held that "a § 3582(c)(2) motion is a continuation of the prior criminal proceeding." *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003) (quotation omitted). Every other court to consider the matter has likewise concluded that § 3582(c) proceedings are criminal, rather than civil, in nature. *United States v. Byfield*, 522 F.3d 400, 402 (D.C. Cir. 2008); *United States v. Arrango*, 291 F.3d 170, 171-72 (2d Cir. 2002); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000); *United States v. Petty*, 82 F.3d 809, 810 (8th Cir. 1996); *United States v. Ono*, 72 F.3d 101, 102-03 (9th Cir. 1995). Thus, § 3582(c) motions are entirely unlike other forms of post-convictions proceedings, namely habeas corpus proceedings, which are for many purposes considered civil in nature. *See, e.g.*,

*Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005); *Fisher v. Baker*, 203 U.S. 174, 181 (1906).

Fed. R. Civ. P. 1 provides that the Federal Rules of Civil Procedure govern "all civil actions" in federal court, while Fed. R. Crim. P. 1 provides that the Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States. *Compare* Fed. R. Civ. P. 1 *with* Fed. R. Crim. P. 1(a)(1); *see also United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (noting that Fed. R. Civ. P. 1 "unambiguously provides that" the Federal Rules of Civil Procedure only apply in civil proceedings).  As noted above, proceedings under § 3582(c) are criminal in nature.  Thus, Rule 60(b) is not available to challenge a previous denial of a § 3582(c) motion.  *Fair*, 326 F.3d at 1318; *Goodwyn*, 596 F.3d at 235 n.*.  For that reason alone, the order of the district court denying McCalister's Rule 60(b) motion is hereby **AFFIRMED**.  All pending motions are hereby **DENIED**.