**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0351n.06

**No. 10-5231**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff-Appellee,** | FILED<br>**May 24, 2011**<br>LEONARD GREEN, Clerk |
| **v.** | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| **PAUL DEAN GIBSON,** | |
| **Defendant-Appellant.** | |

_____/

**BEFORE:    DAUGHTREY, MOORE, and CLAY, Circuit Judges.**

**CLAY, Circuit Judge.** Defendant Paul Dean Gibson, who pleaded guilty and was sentenced to 150 months of incarceration for distributing Schedule II prescription drugs in violation of 21 U.S.C. §§ 841 and 846, appeals the district court's order denying his motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and denying his motion to amend his pleadings under Rule 15(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, we **AFFIRM**.

**BACKGROUND**

On August 28, 2003, Defendant was indicted on one count of conspiracy to distribute and to possess with intent to distribute a quantity of marijuana, and one count of conspiracy to distribute and to possess with intent to distribute a quantity of the Schedule II controlled substances Oxycontin,

Percocet, and Tylox, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government also filed an information pursuant to 21 U.S.C. § 851 that established Defendant had a prior record of felony convictions. Defendant pleaded not guilty at arraignment, but later pleaded guilty to one count of conspiracy to distribute Schedule II substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, pursuant to a plea agreement that waived his right to appeal his conviction but not his sentence.

Prior to sentencing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR") that calculated Defendant's sentence under the 2003 U.S. Sentencing Guidelines. Defendant was initially determined to have a criminal history of category VI and a base offense level of 17, which called for 51 to 63 months of incarceration. However, Defendant's PSR recommended that Defendant be sentenced as a career offender under § 4B1.1. of the Sentencing Guidelines, based, *inter alia*, on Defendant's 1993 conviction for felony escape, which occurred after Defendant "failed to report" to prison after failing a drug test while on probation for a DUI conviction. Based on the application of the career offender enhancement, Defendant's base offense level was adjusted to 31, and his Guidelines recommended sentence became 188 to 235 months.

At his sentencing hearing held on August 30, 2004, Defendant did not object to the PSR or the application of the career offender enhancement. However, Defendant moved for a downward departure under U.S.S.G. §§ 5H1.3 and 5H1.4, alleging that he had a substance addiction and mental and physical disabilities that warranted a sentencing reduction. These motions were denied. The government then moved for a downward departure under U.S.S.G. § 5K1.1, based on Defendant's substantial assistance to authorities. The district court granted this motion and imposed a below-Guidelines sentence of 150 months of incarceration and six years supervised release.

Following sentencing, Defendant did not file a direct appeal or seek collateral review. However, on February 14, 2006, Defendant filed a *pro se* motion *nunc pro tunc* that sought resentencing based on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and alleged calculation errors in his PSR. Defendant also moved for a downward departure based on mental handicap under U.S.S.G. §§ 5H1.3, 5H1.4, 5K2.0, and 5K2.13, arguing that his requests were timely under Rule 15(c) of the Federal Rules of Civil Procedure because they related-back to motions that Defendant had timely raised during his sentencing hearing. The district court denied these motions on February 15, 2006, for reasons of jurisdiction, and this Court affirmed on March 16, 2007.

On December 18, 2009, with the assistance of counsel, Defendant filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from his criminal proceedings. Defendant argued that his sentence was void under the Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687 (2009), because felony escape convictions based on a defendant's "failure to report" were no longer considered violent felonies for the purpose of career offender enhancements. Perhaps cognizant that Rule 60(b) might not be the proper vehicle for relief, on December 31, 2009, Defendant also moved to amend his pleadings under Rule 15(a) of the Federal Rules of Civil Procedure to include a petition for a writ of habeas corpus under 28 U.S.C. § 2255.

On February 8, 2010, the district court denied Defendant's Rule 60(b) motion on grounds that Rule 60(b) did not provide relief from judgment in criminal proceedings. The district court also denied Defendant's Rule 15(a) motion to amend his pleadings to include a habeas petition, on

grounds that amendment would be futile because Defendant had procedurally defaulted his habeas claims. Defendant filed this timely appeal.

## DISCUSSION

### I. The District Court's Decision to Deny Defendant's Rule 60(b) Motion

#### A. Standard of Review

This Court reviews a district court's denial of a motion for postjudgment relief under Rule 60(b) of the Federal Rules of Civil Procedure for abuse of discretion. *See, e.g.*, *Jones v. Ill. Cen. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010); *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment. A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Keith v. Bobby*, 618 F.3d 594, 697 (6th Cir. 2010) (citing *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009)).

#### B. Analysis

Rule 60(b) provides that civil litigants may seek relief from final judgment in instances of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). As a rule of civil procedure, Rule 60(b) applies to civil proceedings, proceedings authorized under Rule 81, and habeas proceedings, which are civil in nature. *See* Fed. R. Civ. P. 1 (defining scope of the federal rules); Fed. R. Civ. P. 81 (stating special cases where civil rules apply). *See also Browder v. Dir., Dept. of Corr. of Ill.*, 434 U.S. 257, 269 (1978) ("It is well settled that habeas corpus is a civil proceeding"); *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (applying Rule 60(b) to habeas petitions under 28 U.S.C. § 2254); *In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007) (applying Rule 60(b) to habeas petitions under 28 U.S.C. § 2255).

Defendant in the instant case petitioned under Rule 60(b) for resentencing under *Chambers* and relief from his criminal proceedings and sentence. However, the district court properly denied Defendant's motion. Unlike habeas proceedings, which are subject to the Federal Rules of Civil Procedure "to the extent that [it is] not inconsistent with applicable federal statutes and rules," *Crosby*, 545 U.S. at 529 (internal citations and quotation marks omitted), federal criminal trials are governed by the Federal Rules of Criminal Procedure. *See, e.g.*, Fed. R. Crim. P. 1(a)(1) (stating that the rules of criminal procedure govern criminal cases); Fed. R. Civ. P. 1 (limiting the scope of the rules of civil procedure); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (discussing scope of rules). Accordingly, "Rule 60(b) is not applicable to criminal proceedings," *United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003), and may not be used to disturb a criminal sentence or conviction. *See, e.g.*, *Mosavi*, 138 F.3d at 1366; *United States v. McCalister*, 601 F.3d 1086, 1087–88 (10th Cir. 2010); *United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004); *United States v. Charles*, 37 F. App'x 758, 758 (6th Cir. 2002); *Beckett v. United States*, 8 F. App'x 330, 332 (6th Cir. 2001).

Because Rule 60(b) does not provide relief from judgment in criminal proceedings, we hold that the district court did not abuse its discretion when it denied Defendant's motion. *Accord Mosavi*, 138 F.3d at 1366; *McCalister*, 601 F.3d at 1087–88; *Bender*, 96 F. App'x at 345.

## II. The District Court's Decision to Deny Defendant's Rule 15 Motion to Amend

### A. Standard of Review

This Court reviews a district court's denial of a motion to amend pleadings under Rule 15(a) for abuse of discretion, except when a party's motion is denied for futility, in which case a *de novo* standard of review applies. *See, e.g.*, *Riverview Health Inst. LLC, v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).

### B. Analysis

Recognizing that Rule 60 might not provide the relief sought, Defendant petitioned the district court for leave to amend his pleadings to include a petition for a writ of habeas corpus under 28 U.S.C. § 2255. Under Rule 15(a), district courts may allow petitioners to amend their pleadings "once as a matter of course," "freely . . . when justice so requires," or else with the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). However, motions to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Caruso*, 605 F.3d at 294 (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

The district court denied Defendant's motion to amend on grounds that amendment would be futile because Defendant was ineligible for habeas relief. Reviewing the matter *de novo*, we affirm. "A motion brought under § 2255 must allege one of three bases as a threshold standard: (1)

6

an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Doyle,* 631 F.3d 815, 817 (6th Cir. 2011) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). When a defendant seeks habeas relief based on a "new rule" not dictated by precedent at the time the defendant's conviction became final, habeas relief is unavailable unless the new rule is a "substantive" rule governing primary conduct, or a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Duncan v. United States*, 552 F.3d 442, 444 (6th Cir. 2009) (citing *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)); *see also Whorton v. Bockting*, 549 U.S. 406, 416 (2007).

Defendant in the instant case seeks habeas relief based on a "new rule"—the Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687 (2009), which held that felony escape convictions based on a defendant's failure to report were not violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). This Court has consistently interpreted the career offender provision of the U.S. Sentencing Guidelines, U.S.S.G. §§ 4B1.1–1.2, in the same manner as the ACCA. *See United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009); *United States v. Houston*, 187 F.3d 593, 594–95 (6th Cir. 1999). Accordingly, in *Ford*, this Court held that *Chambers* "modifies circuit law" with respect to felony escape convictions under the career offender provision of the Guidelines as well as the ACCA, and "establishes that at least one type of escape offense—a failure to report—is not a crime of violence" under the career offender provision of the Sentencing Guidelines. *Ford*, 560 F.3d at 423.

7

Because *Chambers* is a new rule, even if we assume that *Chambers* modifies the relevant law, Defendant is not entitled to relief under 28 U.S.C. § 2255 unless *Chambers* is retroactively applicable on collateral review. *See Duncan,* 552 F.3d at 444. This Court has not yet addressed the retroactive applicability of *Chambers*, and district courts in this Circuit have divided on the issue. *See, e.g.*, *Christensen v. Hickey*, No. 5:11-00019-KSF, 2011 WL 855633, at *5 (E.D. Ky. March 9, 2011) (noting the lack of Circuit authority); *Thomas v. United States*, No. 1:10-CV-225, 2011 WL 167267, at *2–3 (E.D. Tenn. Jan. 19, 2011) (assuming *Chambers* is retroactively applicable, solely for the purpose of decision); *Jackson v. United States*, 1:10-CV-4, 2011 WL 144913, at *2 (E.D. Tenn. Jan. 18, 2011) (finding that *Chambers* is not retroactively applicable); *see also United States v. Jones*, No. 6: 04-70-DCR, 2010 WL 55930, at *3–4 (E.D.Ky. Jan. 4, 2010) (finding that the *Begay* line of cases is not retroactively applicable).[1] However, we do not reach the issue of *Chambers'* retroactive effect because Defendant faces an additional impediment to obtaining habeas relief—procedural default.

Defendant challenges his designation as a career criminal for the first time in this proceeding, after failing to bring a direct appeal of his sentence. "Failure to file a direct appeal raising the career offender issue results in a procedural default." *King v. United States*, 199 F. App'x 524, 526 (6th Cir. 2006) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). Thus, to prevail on his

---

[1] In contrast, courts of appeal that have examined the issue have unanimously held that *Chambers* and the Supreme Court's companion decision in *Begay v. United States*, 553 U.S. 137, 146–48 (2008) (holding that DUI convictions are not violent felonies under the ACCA), are retroactively applicable as a change in substantive law. *See United v. Shipp*, 589 F.3d 1084, 1089–90 (10th Cir. 2009) (finding *Chambers* retroactively applicable); *see also Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010) (finding *Begay* retroactively applicable); *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010) (same).

request for habeas relief under 28 U.S.C. § 2255, Defendant must demonstrate that "(1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) (applying procedural default to a habeas petition brought under 28 U.S.C. § 2255).

On appeal, Defendant has not argued that challenges to the career offender provision were so novel prior to the *Chambers* decision that the "legal basis for his claim was not reasonably available to counsel," *Bousley*, 523 U.S. at 622, and in any event, such arguments are not well-taken. *See Cvijetinovic v. Eberlin*, 617 F.3d 833, 839 (6th Cir. 2010) ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to [a] particular court at [a] particular time.'") (citing *Bousley*, 523 U.S. at 623); *Wheeler v. United States*, 329 F. App'x 632, 636 (6th Cir. 2009) ("The fact that we were unreceptive to [defendant's] argument at the time cannot excuse [defendant's] failure to raise the issue."). Defendant has also failed to advance any other arguments regarding cause, prejudice, or actual innocence to explain why his procedural default should be excused. While these facts suggest negligent omission on the part of Defendant's counsel, the arguments themselves are waived. *See Bennett v. MIS Corp.*, 607 F.3d 1076, 1083 n.5 (6th Cir. 2010) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal citations omitted).

Because Defendant procedurally defaulted his habeas claims, and failed to establish cause and prejudice to excuse his procedural default, the district court did not err when it denied Defendant

leave to amend his pleadings to state a claim under 28 U.S.C. § 2255 on grounds that amendment would be futile.

## CONCLUSION

The district court did not err when it denied Defendant's Rule 60(b) motion and his Rule 15(a) motion to amend. Accordingly, we **AFFIRM**.