**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0556n.06

No. 12-5994

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jun 07, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| YOUNG MOON, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before:  SILER, MOORE, and ROGERS, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**   Defendant-Appellant Young Moon challenges two district court orders:  R. 417 (Page ID #4681) and R. 420 (Page ID #4702).[1]  D. Ct. Case No. 05-cr-00003, R. 421 (Notice of Appeal at 1) (Page ID #4703).  In its first order, the district court denied Moon relief under Federal Rule of Civil Procedure 60(b) because Moon failed to cite "any authority indicating that Rule 60 provides a basis for voiding a judgment in a *criminal case*."  D. Ct. Case No. 05-cr-00003, R. 417 (07/10/2012 D. Ct. Order at 2) (Page ID #4682).  In its second order, the district court denied Moon's "Motion To Alter Or Amend A Judgment Under Rule 59(e)" because "Rule 59(e) of the Federal Rules of Civil Procedure does not apply in a criminal case."  D. Ct. Case No. 05-cr-00003, R. 420 (07/30/2012 D. Ct. Order at 1) (Page ID #4702).  Because we agree with the district court that neither rule of civil procedure applies to criminal proceedings, we

_____

[1]These orders appear on the docket for District Court Case No. 05-cr-00003, which is also the case number listed on Moon's notice of appeal.

**AFFIRM** the district court's orders that denied Moon's motions under Rules 60(b) and 59(e).

*United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) ("Rule 60(b) does not provide relief

from judgment in criminal proceedings"); *see United States v. McCalister*, 601 F.3d 1086, 1087–88

(10th Cir. 2010); *see also United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004)).

At the district court, Moon also challenged the judgment in her False Claims Act (FCA) case,

District Court Case No. 06-cv-00406, in the same motions that challenged her criminal conviction

under Rules 60(b) and 59(e). The district court denied these motions in two orders listed on the

district court's docket for Moon's FCA case: R. 148 (Page ID #1013) and R. 155 (Page ID #1039).[2]

Although Moon has not designated these district court orders for appeal, we have jurisdiction to

consider them because "failure to mention or misidentification of the ruling being appealed from

does not destroy appellate jurisdiction as long as the intent to appeal is apparent and the appellee

suffers no prejudice" and "courts have been especially reluctant to enforce strictly the notice of

appeal requirements when such notice is filed by a *pro se* appellant." *United States v. Willis*, 804

F.2d 961, 963 (6th Cir. 1986); *see* FED. R. APP. P. 3(c)(1)(B). Nonetheless, we **AFFIRM** the district

court's orders that rejected Moon's motions under Rules 60(b) and 59(e) with respect to the FCA

judgment because the motions were untimely and do not otherwise demonstrate extraordinary

circumstances.

Also at the district court, Moon listed her 28 U.S.C. § 2255 case, District Court Case No. 09-

cv-00060, on the cover of her pro se Rule 60(b) motion. D. Ct. Case No. 05-cr-00003, R. 415 (Rule

---

[2]These orders appear on the docket for District Court Case No. 06-cv-00406.

60(b) Mot.) (Page ID #4518). The district court did not, however, address Moon's Rule 60(b) motion with regard to her § 2255 case. If the district court had addressed Moon's Rule 60(b) motion with regard to her § 2255 case, it had two options. The district court could have determined that the motion was a proper Rule 60(b) motion, attacking "some defect in the integrity of the" § 2255 proceedings, and ruled on the motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see In re Nailor*, 487 F.3d 1018, 1021–23 (6th Cir. 2007) (discussing the application of *Gonzalez* in § 2255 proceedings). Alternatively, the district court could have determined that Moon's Rule 60(b) motion was actually a second or successive § 2255 motion and transferred the motion to this court. *See In re Nailor*, 487 F.3d at 1023. The record before this court is exceptionally muddled as to whether Moon was attempting to file a proper Rule 60(b) motion or a second or successive § 2255 motion. *Compare* D. Ct. Case No. 05-cr-00003, R. 412 (D. Ct. Order at 1) (Page ID #4513) ("The Defendant shall file a reply brief . . . addressing . . . whether her letter is intended to be filed as a second or successive Section 2255 . . . motion, or as a motion to be made under Rule 60(b) . . . .") *with* D. Ct. Case No. 05-cr-00003, R. 415 (Rule 60(b) Mot. at 1) (Page ID #4518). Judged either way, Moon's Rule 60(b) motion or application to file a second or successive § 2255 motion fails.

The thrust of Moon's motion, read as a proper Rule 60(b) motion, is that the government withheld information during the course of litigating Moon's § 2255 motion in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); *see* FED. R. CIV. P. 60(b)(2)–(3). Moon's motion, dated May 7, 2012, is untimely, however, as it was filed more than a year after the district court's judgment, dated January 29, 2010, and Moon has not otherwise demonstrated extraordinary circumstances. D. Ct.

3

Case No. 05-cr-00003, R. 415 (Rule 60(b) Mot.) (Page ID #4518); District Court Case No. 09-cv-00060, R. 35 (D. Ct. Order at 1) (Page ID #531); *see* FED. R. CIV. P. 60(c)(1). The *Brady* material in question involved information from "Amgen litigation" about how much overfill was contained in a vial of Procrit, a drug involved in Moon's underlying conviction. As the government points out, this court has previously rejected this argument when Moon raised it in her petition for rehearing en banc in her § 2255 case. Sixth Circuit Case No. 10-5116, Pet. for Rehr'g En Banc at 7 n.1; Sixth Circuit Case No. 10-5116, 01/25/2012 Order. Furthermore, also noted by the government, the material in question primarily involves another drug, Aranesp, not Procrit, and is not otherwise favorable to Moon. Finally, the Amgen litigation evidence surrounding Procrit has no effect on the larger fraud allegations for which Moon was convicted that involved the drugs Taxol and Camptosar. These facts do not demonstrate extraordinary circumstances, nor would they be a basis for relief under Rule 60(b) if Moon's motion were timely. For these reasons, we **AFFIRM** the denial of relief under Rule 60(b) with regard to Moon's § 2255 case.

Reading Moon's Rule 60(b) motion and her brief on appeal as a request to file a second or successive § 2255 petition, we conclude that Moon has failed to show that this court should authorize her to file a second or successive § 2255 motion. In order to obtain authorization, Moon must show:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Moon's *Brady* argument attempts to comport with the first category in § 2255(h); however, as discussed in the preceding paragraph, the overfill information from the Amgen litigation is not the type "that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." *Id*.  For these reasons, we **DENY** Moon's request to file a second or successive § 2255 motion.

For all of the reasons stated above, we **AFFIRM** the judgment of the district court.