CLD-425                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3301
_____

UNITED STATES OF AMERICA

v.

JAMELL BIRT,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-02-cr-00286-001)
District Judge:  Honorable Yvette Kane

_____

Submitted on Whether a Certificate of Appealability Should Issue or
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 19, 2013

Before: RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: October 15, 2013 )
_____

OPINION
_____

PER CURIAM

     Jamell Birt appeals the District Court's order denying his motion filed pursuant to

Fed. R. Civ. P. 60(b).  For the reasons below, we will summarily affirm the District

Court's order.

1

In June 2003, Birt pleaded guilty to possession with intent to distribute cocaine base a/k/a crack while reserving the right to appeal the District Court's denial of his motion to suppress. At sentencing, his base offense level (34) was calculated using the amount of cocaine base involved because it was higher than his base offense level (32) as a career offender. Birt was sentenced to 240 months in prison. On appeal, this Court affirmed the denial of the motion to suppress. See C.A. No. 04-1562.

In November 2011, Birt filed a counseled motion to reduce his sentence under 18 U.S.C. § 3582 based on Amendment 750 to the Sentencing Guidelines. Because his base offense level as a career offender (32) was now higher than the level calculated using the amount of crack involved (28), Birt's sentence was based on his being a career offender. The District Court granted the motion and reduced his sentence to 210 months. Birt filed a pro se notice of appeal. Counsel was appointed but was allowed to withdraw after filing an Anders brief. Birt did not file a pro se brief. This Court affirmed the District Court's order. See C.A. No. 12-1273.

In May 2013, Birt filed a motion to vacate the District Court's January 17, 2012 judgment pursuant to Fed. R. Civ. P. Rule 60(b). He argued that he should not have been sentenced as a career offender. He contended that the District Court could not sentence him based on a new guideline. The District Court concluded that Birt had not shown extraordinary circumstances justifying reopening and denied the motion. Birt filed a notice of appeal.

A Rule 60(b) motion cannot be used to challenge the denial of a motion filed pursuant to 18 U.S.C. § 3582 because the Federal Rules of Civil Procedure to not apply

2

to criminal proceedings. See United States v. McCalister, 601 F.3d 1086, 1087 (10th Cir. 2010); United States v. Goodwyn, 596 F.3d 233, 235 n.* (4th Cir. 2010); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003). Even if Birt could challenge the District Court's order with a Rule 60(b) motion, his appeal is without merit. A Rule 60(b) motion may not be used as a substitute for an appeal. Legal error, without more, is not a basis for granting a Rule 60(b) motion. Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

The District Court's January 17, 2012 order gave Birt exactly what he requested: a reduced sentence. Birt could have challenged the amount of his sentence reduction in a pro se brief on appeal from that order, but he failed to do so. He now argues over a year later that the District Court made a legal error in calculating his reduced sentence. Birt has not shown extraordinary circumstances justifying reopening, and the District Court did not abuse its discretion in denying Birt's Rule 60(b) motion.

For the above reasons, we will summarily affirm the District Court's order. Because the appeal is from the denial of a motion filed pursuant to 18 U.S.C. § 3582, a certificate of appealability is not necessary.