FILED
United States Court of Appeals
Tenth Circuit

October 25, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ABEL ROMERO,

    Defendant - Appellant.

No. 19-2069
(D.C. No. 2:13-CR-02723-RB-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Abel Romero appeals the district court's denial of his motion for a sentence

reduction under 18 U.S.C. § 3582(c). Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

**I**

Romero pled guilty to several drug and firearms charges pursuant to a Fed. R

Crim. P. 11(c)(1)(C) plea agreement, stipulating to a total sentence of 131 months'

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. His presentence investigation report grouped all counts of conviction for purposes of calculating his base offense level. Accordingly, Romero's offense level was determined based on the count with the highest offense level. See U.S.S.G. § 3D1.3(a) (2013).[1] In Romero's case, that count was being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Under U.S.S.G. § 2K2.1, his base offense level was 26. His total offense level was 31. With a criminal history category of VI, Romero's advisory sentencing range was 188 to 235 months for the drug charges and 120 months for the gun charges (based on the statutory maximum). The district court adopted those calculations but imposed the 131-month total sentence contained in the plea agreement.

Several years later, Romero filed a document asking whether he was eligible for a sentence reduction. The district court construed the filing as a motion to reduce sentence under § 3582(c). After ordering a response from the government, the court denied Romero's motion. Romero now appeals.

**II**

We review a district court's denial of a § 3582(c) motion for reduction of sentence for abuse of discretion. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). That statutory provision allows district courts to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." § 3582(c)(2).

---

[1] All Guidelines citations are to the 2013 version of the Guidelines Manual that was used in Romero's original sentencing.

2

Romero contends that the district court erred by rejecting his motion because he entered into a Rule 11(c)(1)(C) agreement. The Supreme Court has explained that many defendants sentenced under a Rule 11(c)(1)(C) agreement are eligible for sentence reductions. United States v. Hughes, 138 S. Ct. 1765, 1776-77 (2018). However, even after Hughes, a defendant is ineligible for relief under § 3582(c) if his sentencing calculations are not affected by a retroactive Guidelines amendment. United States v. Hodge, 721 F.3d 1279, 1281 (10th Cir. 2013). That is the case here. Romero points to Guidelines Amendment 782, which lowered the offense levels assigned to the drug quantities in U.S.S.G. § 2D1.1. U.S.S.G. app. C suppl., amend. 782. But as explained above, Romero's offense level was not based on drug quantity, but on U.S.S.G. § 2K2.1. Accordingly, the district court correctly denied his motion.[2]

Romero also argues that his sentence should be reduced under Fed. R. Civ. P. 60(b). However, the rules of civil procedure do not apply in criminal cases. United States v. McCalister, 601 F.3d 1086, 1087-88 (10th Cir. 2010). We have previously held that "Rule 60(b) is not available to challenge a previous denial of a § 3582(c) motion." Id. at 1088.

---

[2] Romero states that he could not be sentenced as a career offender because the government agreed not to charge him as such. The government agreed not to pursue enhanced penalties under 21 U.S.C. § 851. That agreement is unrelated to his eligibility for the career offender Guideline enhancement under U.S.S.G. § 4B1.1.

**III**

**AFFIRMED**.  Romero's motion to proceed in forma pauperis is **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge