FILED
United States Court of Appeals
Tenth Circuit

**May 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN MANUEL CORTEZ-DIAZ,

    Defendant - Appellant.

No. 24-3130
(D.C. No. 2:11-CR-20031-JWL-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.
_____

A jury convicted Juan Cortez-Diaz of multiple drug offenses related to his

role in a multi-state methamphetamine distribution conspiracy and, consistent

with the advisory sentencing guideline recommendation, the district court imposed

a life sentence. This court affirmed the sentence on direct appeal.

*See United States v. Cortez-Diaz*, 565 F. App'x 741, 742 (10th Cir. 2014).

Mr. Cortez-Diaz then filed a motion for a reduced sentence under

_____

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 3582(c)(1)(A).  The district court denied that motion, and this court affirmed that denial.  *See United States v. Cortez-Diaz*, No. 21-3216, 2022 WL 1666953, at *1 (10th Cir. May 25, 2022).  Mr. Cortez-Diaz filed a second motion for a reduced sentence under § 3582(c)(1)(A) in 2022 and a third such motion in 2024.  The district court denied each motion.

Mr. Cortez-Diaz then filed a "Motion for Relief from Judgment and/or Amendment of Judgment," invoking Fed. R. Civ. P. 60(b) and 59(e).  R. at 398.  The district court denied that motion.  Pro se,[1] Mr. Cortez-Diaz appeals from that denial. We have jurisdiction under 28 U.S.C. § 1291.

This court has held Federal Rule of Civil Procedure 60(b) is inapplicable to criminal proceedings.  *See United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010).  Mr. Cortez-Diaz presents no contrary argument, so we conclude the district court correctly dismissed the motion to the extent it was based on Rule 60(b).

As for Rule 59(e), we review for abuse of discretion.  *Burke v. Regalado*, 935 F.3d 960, 1044 (10th Cir. 2019).  "To reverse, we must have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *Id.* (internal quotation marks

---

[1] Because Mr. Cortez-Diaz proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

omitted).  Assuming without deciding Rule 59(e) applies,[2] the Rule itself states motions brought under it "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

Mr. Cortez-Diaz brought his motion much later than 28 days after the entry of the judgment:  he filed the motion in 2024 seeking relief from a judgment entered in 2013.  In it, he repeated arguments he had already raised (and lost) before the district court and before this court.  He now argues the district court should have permitted him to show cause why his filing was late, but he did not include any such showing in his motion.  Nor does he make any such showing on appeal.  His argument falls well short of creating a definite and firm conviction that the district court made a clear error of judgment, so we affirm.[3]

We grant Mr. Cortez-Diaz's motion to proceed *in forma pauperis*.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

---

[2] As the district court pointed out, although Rule 59, like Rule 60, is a rule of *civil* procedure, "courts have recognized motions to reconsider in the criminal context and have borrowed the standard from Rule 59(e)."  R. at 407.

[3] Mr. Cortez-Diaz also asserts the district court "did not have to wait until November 1, 2024 to appoint counsel to a non-English[-]speaking person for the limited purpose[] of whether or not the amendments to the sentencing guidelines are applicable to him."  Aplt. Opening Br. at 4.  This appeal, though, follows the district court's denial of his motion under Rule 59(e); it does not concern whether there was an issue with the appointment of counsel to help him pursue another form of post-judgment relief.