**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANTHONY WALTER SMITH,

      Defendant-Appellant.

Nos. 12-1075, 12-1244 & 12-1270
(D.C. No. 1:91-CR-00188-LTB-4)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

Pro se inmate Anthony Walter Smith appeals from the district court's denial of

his 18 U.S.C. § 3582(c)(2) sentence-reduction motion, his motion for reconsideration,

and his petitions to vacate the denial of reconsideration.  Exercising jurisdiction

under 28 U.S.C. § 1291, we dismiss appeal No. 12-1244 as moot, and we affirm in

Nos. 12-1075 and 12-1270.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

In 1992, Smith was convicted on twenty-eight counts arising from a criminal enterprise distributing crack cocaine. In sentencing Smith to life imprisonment, the district court attributed 5.6 kilograms of crack cocaine to Smith and calculated an offense level of 43 with a category-II criminal history.

In November 2011, Smith filed a pro se § 3582(c)(2) petition, apparently attempting to take advantage of Amendments 750 and 759 to the United States Sentencing Guidelines. Those amendments retroactively "altered the drug-quantity tables in the Guidelines, increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums [in] the [Fair Sentencing Act of 2010]." *United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012) (quotations omitted).

The probation department reported that although 5.6 kilograms of crack cocaine now resulted in an offense level of only 36, Smith was still subject to a 2-level enhancement for obstruction of justice, a 2-level enhancement for firearm possession, and 4 more levels for a continuing-criminal-enterprise conviction. The resulting offense level of 44 was then reduced to 43, which is the highest permissible offense level in the sentencing table. Consequently, Smith's guideline range remained life imprisonment.

On February 9, 2012, the district court denied Smith's § 3582(c)(2) motion, noting that his guideline range remained the same. On February 20, Smith invoked

the "prison mailbox rule" and filed a motion for reconsideration. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (providing that "an inmate who places a [pleading] in the prison's internal mail system will be treated as having 'filed' that [pleading] on the date it is given to prison authorities for mailing to the court"). On March 1, Smith appealed from the denial of § 3582(c)(2) relief. This court docketed the appeal under No. 12-1075. The government moved to dismiss, arguing that the appeal was untimely.

On April 26, the district court summarily denied Smith's motion for reconsideration. In response, Smith filed a "Petition to Vacate" the denial of reconsideration, stating that he did not receive the government's response to his motion for reconsideration, and thus, was unable to file a reply. Supp. R., Vol. I at 4. On May 8, Smith filed an amended notice of appeal. That appeal was incorporated into No. 12-1075.

On May 14, the district court denied the petition to vacate, stating that the government's response had been mailed to Smith. The government subsequently admitted, however, that it had mailed its response to Smith's former attorney, and that it had no objection to allowing Smith to file a reply. Smith appealed the denial of his petition. That appeal was also incorporated into No. 12-1075.

On June 1, Smith filed a "Renewed Petition to Vacate" the district court's April 26 order, which had denied Smith's motion for reconsideration of § 3582(c)(2) relief. *Id.*, Vol. V at 4. Smith repeated that he was unable to file a reply in support

of reconsideration.  The district court summarily denied the renewed petition, and Smith appealed.  That appeal was docketed as No. 12-1270.

## DISCUSSION

## I.  Appellate Jurisdiction

The government contends that this court lacks jurisdiction in 12-1075 to review the district court's order denying § 3582(c)(2) relief.  It points out that Smith's March 1, 2012 notice of appeal was filed more than fourteen days after the February 9 order denying relief.  *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring in criminal cases that the notice of appeal be filed within fourteen days after entry of the challenged order).  And the notice was not accompanied by a declaration or notarized statement invoking the prison mailbox rule.  *See* Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.").

But Smith tolled the time for appealing by seeking reconsideration within fourteen days of the order's entry.  *See United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011) (holding that a motion for reconsideration in a criminal case must be filed within the fourteen-day period prescribed for filing a notice of appeal); *United States v. Jackson*, 950 F.2d 633, 636 (10th Cir. 1991) (observing that a motion to reconsider filed in a criminal case tolls the time for appealing).  The government

- 4 -

mistakenly suggests that the tolling effect of a reconsideration motion depends upon the merits of that motion. *See United States v. Ibarra*, 502 U.S. 1, 6-7 (1991).

After reconsideration was denied, Smith timely filed an amended notice of appeal, designating, it appears, both the original denial of § 3582(c)(2) relief and the denial of reconsideration. *See Smith v. Barry*, 502 U.S. 244, 248 (1992) (directing that courts "liberally construe the requirements of [Fed. R. App. P. 3]," which include designating the judgment or order being appealed); *United States v. Dieter*, 429 U.S. 6, 8–9 (1976) (indicating that the time to appeal begins to run anew following disposition of a reconsideration motion).

Thus, we have jurisdiction to review the denial of § 3582(c)(2) relief in appeal No. 12-1075.[1]

## II.  18 U.S.C. § 3582(c)(2)

"We review both the denial of a § 3582(c)(2) motion and the denial of a motion for reconsideration for abuse of discretion." *Randall*, 666 F.3d at 1243 n.6. Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent

---

[1]     Related appeal No. 12-1244 involves the district court's denial of a motion Smith filed in an attempt to prove that his first notice of appeal was timely. Because we conclude that Smith's amended notice of appeal timely perfected an appeal, we will dismiss No. 12-1244 as moot.

they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*" 18 U.S.C. § 3582(c)(2) (emphasis added). "The Sentencing Commission's policy statement at Guideline § 1B1.10(a)(2)(B) states that a reduction is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if the reduction does not have the effect of lowering the defendant's applicable guideline range." *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) (quotations omitted).

Here, Smith's guideline range was unaffected by the crack-cocaine amendments. Smith does not refute this point. Instead, he argues that the district court did not consider his "individualized and case specific circumstance." Aplt. Opening Br. at 13. And he appears to claim that resentencing is warranted due to an invalid continuing-criminal-enterprise conviction and an inapplicable firearm-possession enhancement. But § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). Indeed, "[t]he relevant policy statement instructs that a court proceeding under § 3582(c)(2) 'shall substitute' the amended Guidelines range for the initial range 'and shall leave all other guideline application decisions unaffected.'" *Id.* at 2694 (quoting U.S.S.G. § 1B1.10(b)(1)). Because Smith seeks to correct aspects of his sentence that were not affected by the crack-cocaine amendments, "they are outside the scope of the proceeding authorized by § 3582(c)(2)." *Id.*

Finally, Smith's reliance on *United States v. Miller*, No. 4:89-CR-120 (JMR), 2010 WL 3119768 (D. Minn. Aug. 6, 2010), is misplaced. There, on a § 3582(c)(2) motion, the district court rejected the defendant's statutory life-imprisonment sentence as a career offender to utilize a more favorable revised guideline sentence. We fail to see *Miller*'s relevance to Smith's sentence, as the district court here calculated Smith's revised guideline range based on the crack-cocaine amendments. But that calculation again yielded a life sentence.

Because the reduction to Smith's offense level created by the crack-cocaine amendments did not lower Smith's applicable guideline range, we conclude that the district court properly denied Smith's motions for a § 3582(c)(2) sentence reduction and for reconsideration.

## III. Petitions to Vacate

Smith challenges the district court's denial of his petition and renewed petition to vacate the order denying reconsideration. He complains that he was not permitted to file a reply in support of reconsideration. But he has not identified any meritorious legal argument that could have been included in a reply brief. Thus, any error in being denied the opportunity to reply to the government's response was harmless. *See United States v. Montgomery*, 439 F.3d 1260, 1263 (10th Cir. 2006) ("Harmless error is that which did not affect the district court's selection of the sentence imposed." (quotations omitted)).

Moreover, the renewed petition to vacate the denial of reconsideration was not timely filed. The renewed petition was essentially nothing more than a motion for reconsideration of the district court's May 14 order denying the first petition to vacate. But Smith did not file the renewed petition within fourteen days of May 14. *See Randall*, 666 F.3d at 1243 (holding that a motion for reconsideration in a criminal case must be filed within the fourteen-day period prescribed for filing a notice of appeal).

## CONCLUSION

We affirm in appeal Nos. 12-1075 and 12-1270. We dismiss appeal No. 12-1244 as moot. We deny the government's motion to dismiss, and we deny Smith's motion for leave to proceed in forma pauperis on appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge