FILED
United States Court of Appeals
Tenth Circuit

March 5, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID WAYNE HEATH,

    Defendant - Appellant.

No. 20-6138
(D.C. No. 5:13-CR-00102-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

David Wayne Heath, proceeding pro se,[1] appeals the district court's dismissal of

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by

the First Step Act of 2018, Pub. L. No., 115-391, 132 Stat. 5194. He also appeals the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Heath is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). He is subject to the same procedural rules governing other litigants. *See United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018).

district court's denial of his motion to reconsider that dismissal. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal in part and affirm in part.

## I. BACKGROUND

### A. *Legal Background*

Under § 3582(c)(1)(A)(i), a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As modified by the First Step Act, § 3582(c)(1)(A) provides that the court may grant such a reduction either upon motion of the Director of the Bureau of Prisons, "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

Following passage of the First Step Act, therefore, a defendant may move in the district court for compassionate release under § 3582(c)(1)(A) if (1) he has fully exhausted all administrative remedies, *or* (2) 30 days have elapsed since he requested such a reduction from the warden of his facility.

### B. *Factual and Procedural Background*

Mr. Heath pled guilty to charges of bank robbery in two different cases—one arising in the District of Kansas and another in the Western District of Oklahoma. Those

cases were consolidated in the Western District of Oklahoma for sentencing purposes, and Mr. Heath was sentenced to 151 months of imprisonment in each case, with his sentences to run concurrently.

On April 21, 2020,[2] Mr. Heath moved for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), citing an increased risk of experiencing complications from COVID-19 due to his pre-existing health conditions. His motion said that, on April 15, he submitted a request for a reduction in sentence under that same provision to the warden of FCI El Reno, where he was incarcerated. The district court dismissed the motion without prejudice for lack of jurisdiction because Mr. Heath had not yet exhausted his administrative remedies and because 30 days had not passed between submitting his request to the warden and filing his motion.

Mr. Heath renewed his motion on June 1, 2020, noting that more than 30 days had passed since he submitted his request to the warden on April 15. He also stated that the warden had denied his request on May 4.[3]

On July 10, the district court again dismissed his motion for lack of jurisdiction because Mr. Heath did not appeal the warden's denial of his request to the BOP, and therefore had not exhausted his administrative remedies (the "July 10 Order"). In a

---

[2] The district court's order indicates that Mr. Heath's motion was filed on April 22, but it is stamped April 21 and was docketed on that date.

[3] The warden's "Response to Inmate Request to Staff Member" is dated April 30, 2020. The discrepancy is not material here.

footnote, the court rejected the Government's concession that the lapse of 30 days between Mr. Heath's request to the warden and the filing of his motion was sufficient to satisfy the exhaustion requirement under § 3582(c)(1)(A).

On August 5, 2020, Mr. Heath filed a "Motion to Amend Order Under Fed Rule[] of Civil Procedure 59(e)." ROA at 177. In that motion, he argued that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, and that the lapse of 30 days was sufficient to satisfy that requirement. He cited the decisions of several district courts and courts of appeals around the country that have so held, but he did not identify a binding Tenth Circuit or Supreme Court decision. And none of the cases he cited postdate the July 10 Order. Construing Mr. Heath's August 5 motion as a motion for reconsideration, the district court denied that motion on August 27 because Mr. Heath "ha[d] not shown a sufficient basis for the Court to reconsider its prior ruling" (the "August 27 Order"). ROA at 192.

Mr. Heath filed a notice of appeal from both the July 10 and the August 27 orders on September 8, 2020.

## II. **DISCUSSION**

### A. *Standards of Review*

We review de novo whether a district court "possesse[s] jurisdiction to modify [a] [d]efendant's sentence" under § 3582(c)(1)(A). *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotations omitted); *see United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) ("The scope of a district court's authority in a sentencing

4

modification proceeding under § 3582(c)(2) is a question of law that we review de novo."
(brackets and quotations omitted)); *United States v. Saldana*, 807 F. App'x 816, 818 n.4
(10th Cir. 2020) (unpublished) (cited for persuasive value under 10th Cir. R. 32.1; Fed.
R. App. P. 32.1.).

We review the district court's denial of a motion for reconsideration for an abuse
of discretion. *United States v. Barajas-Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004).

## B. *Analysis*

### 1. **July 10 Order**

Mr. Heath's appeal of the July 10 Order is untimely. The Federal Rules of
Appellate Procedure provide, "In a criminal case, a defendant's notice of appeal must be
filed in the district court within 14 days after . . . the entry of . . . the order being
appealed." Fed. R. App. P. 4(b)(1)(A)(i). Rule 4(b)(1)(A), though a "non-jurisdictional
claim-processing rule," "remain[s] inflexible and thus assure[s] relief to a party properly
raising [it]." *United States v. Garduño*, 506 F.3d 1287, 1290-91 (10th Cir. 2007)
(quotations omitted); *see also United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir.
2008) ("[T]he time bar in Rule 4(b) must be enforced by this court when properly
invoked by the government."). Mr. Heath's time to appeal the July 10 Order expired on
July 24, 2020. His notice of appeal was not filed until September 8, 2020 and is thus

5

untimely.[4]  We therefore dismiss Mr. Heath's appeal from the July 10 Order.  *See*

*Garduño*, 506 F.3d at 1292.

2.  **August 27 Order**

The district court denied Mr. Heath's motion for reconsideration because he "ha[d]

not shown a sufficient basis for the Court to reconsider its prior ruling."  ROA at 192.

We affirm on the alternative ground that his motion for reconsideration was untimely.

*See Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004) ("We have discretion to

affirm on any ground adequately supported by the record."); *Randall*, 666 F.3d at 1241.

The Federal Rules of Criminal Procedure do not authorize motions for

reconsideration and accordingly do not specify a time within which they must be

brought.[5]  *See Randall*, 666 F.3d at 1241.  We have recognized, however, that "criminal

defendants may . . . move for reconsideration," though such motions "cannot be brought

---

[4] In the context of a § 3582(c)(2) motion, we have said that a timely motion for reconsideration may toll the time to appeal.  *United States v. Smith*, 510 F. App'x 720, 722 (10th Cir. 2013) (unpublished) (citing *United States v. Jackson*, 950 F.2d 633, 636 (10th Cir. 1991) (observing that a motion to reconsider in a criminal case tolls the time for appealing)).  As explained below, Mr. Heath's motion for reconsideration was not timely, and thus did not toll the time to appeal.  *See United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011) ("[A] motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order.").

[5] Mr. Heath styled his motion as a "Motion to Amend Order Under Fed Rule[] of Civil Procedure 59(e)."  ROA at 177.  But a motion for reduction of sentence under § 3582(c) is a criminal proceeding, and the Federal Rules of Criminal Procedure, not the Federal Rules of Civil Procedure, apply.  *See United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010).

at simply any time." *Id.* at 1242. We therefore have held that "a motion for reconsideration of the denial of a § 3582(c)(2) motion must be brought within the time for appeal," which is 14 days. *Id.*; Fed. R. App. P. 4(b)(1)(A). Although we have never addressed a motion for reconsideration of the denial of a § 3582(c)(1) motion, both § 3582(c)(1) and § 3582(c)(2) motions are criminal in nature, *see McCalister*, 601 F.3d at 1087, and the same reasons for limiting the time to seek reconsideration apply to motions under both subsections, *see Randall*, 666 F.3d at 1242-43.

Mr. Heath filed his motion for reconsideration of the July 10 Order on August 5— a lapse of 26 days. His motion therefore was untimely, and we may affirm its denial on that basis. *See Randall*, 666 F.3d at 1241.

## III.  CONCLUSION

Because Mr. Heath's notice of appeal as to the July 10 Order was untimely, we dismiss that portion of his appeal. We affirm the district court's August 27 Order because Mr. Heath's motion for reconsideration was untimely filed in the district court. We also deny Mr. Heath's motion for leave to proceed *in forma pauperis*.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

7